**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MICHAEL TILLMAN**                                                                        **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 2:06cv33KS-MTP**

**SOUTHERN WOOD PRESERVING
OF HATTIESBURG, INC.**                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#24]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

Michael Tillman, a black male, was hired by the defendant in 1989 or 1990 but left for a better paying job. Tillman was rehired by the defendant in 1997 as a "pole framer"[1] and general laborer in the defendant's mill until his resignation in August of 2006. At the time of Tillman's hiring in 1997, the defendant had two employees whose primary responsibilities were to each operate one of two articulated "Cat© Loaders,"

---

[1] A "pole framer" is one who prepares utility poles for delivery to various utility companies by drilling holes in the poles, placing identification tags on the poles and sawing a flat spot where called for on the pole for mounting electrical equipment.

(hereinafter "loader").  At various times during the plaintiff's employment, there were vacancies in the loader operator positions and Tillman was called upon to fill in as a loader operator.  Tillman was still listed as a "laborer" and continued to perform pole framing and laborer work when he was not filling in as a loader operator.

On November 29, 2004, the defendant hired Bobby Cooley, a white male, to fill a vacant loader position which Tillman had been filling.  Tillman viewed this as a demotion and because Cooley was hired in at $9.00 per hour versus Tillman's $8.00 per hour pay rate, the plaintiff also considered this disparate treatment.  Feeling thus aggrieved, the plaintiff filed a charge of racial discrimination with the United States Equal Employment Opportunity Commission (the "EEOC").

On August 19, 2005, the EEOC issued a determination that there was reasonable cause to believe that Tillman has been discriminated against.  The EEOC issued a right to sue letter on October 21, 2005, and the plaintiff filed suit herein on January 20, 2006, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  The plaintiff's complaint specifically charges that he, a black male, was payed less than Bobby Cooley, a white male who replaced him, for performing the same work and that such amounts to discrimination against him on the basis of his race, black.

Approximately one year after Cooley was hired, he was terminated by the defendant.  The defendant then ran an advertisement for a loader operator and Curtis Spradley, a white male, applied for the job through the Mississippi Employment Service.  When Spradley indicated that he would do the job for $7.50 per hour, the defendant offered the loader operator job to the plaintiff at that rate of pay.  The plaintiff refused

the job and defendant hired Spradley.  When Spradley resigned, the defendant rehired John Alexander, a black male, as a loader operator at $9.00 per hour.  Alexander had been a loader operator when the plaintiff was originally hired.  The plaintiff's only charge of disparate treatment, however, is as to the hiring of Bobby Cooley.

The defendant has moved for summary judgment asserting that the plaintiff cannot meet his burden of proof to satisfy the elements of a *prima facie* case of disparate pay.  In the alternative, the defendant argues that even if the plaintiff can make out a *prima facie* case, he has not offered, and cannot offer, any proof that the defendant's legitimate nondiscriminatory reason for the hiring decision was false.

The plaintiff has responded in part by asserting that this motion is premature in that he had a pending motion to compel discovery before the Magistrate Judge.  That motion was ruled upon prior to the plaintiff's response deadline to this motion, however.  Further, the discovery deadline and the deadline for filing dispositive motions have both expired and this matter is set for a final pretrial conference within two weeks.  Thus, this motion is ripe for consideration.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The

existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the

Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

### **Plaintiff's Title VII Claims**

In order to prevail, the plaintiff must ultimately prove <u>intentional</u> discrimination.  *Jones v. Flagship International*, 793 F.2d 714, 719 (5th Cir. 1986).  Thus, the factual inquiry is whether "'the employer [is] treating some people less favorably than others because of their race, color, religion, sex, or national origin.'"  *Id.,* (*quoting United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715 (1983)(other citations omitted)).

The burden rests with the plaintiff to prove his case by a preponderance of the evidence, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093, 94, 67 L.Ed.2d. 207, 215 (1981); he may do so by offering either direct evidence of discriminatory animus or by offering circumstantial evidence sufficient to support an inference of discrimination.  *Ramirez v. Sloss*, 615 F.2d 163, 168 (5th Cir. 1980).  *See also, Lee v. Russell County Bd. of Education*, 684 F.2d 769, 773-74 (11th

Cir. 1982). In this case, the plaintiff has offered no direct evidence of discriminatory animus and is thus proceeding to prove discrimination circumstantially.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1917, 36 L.Ed.2d. 668 (1973), recognized the difficulty of proof for Title VII claimants who rely on circumstantial evidence to prove discrimination. The Court responded by establishing an order of presentation of proof and an allocation of the burden of production for Title VII claimants. The burden rests with the plaintiff to establish a *prima facie* case of discrimination. Once the plaintiff meets that burden, the defendant must then articulate some legitimate, nondiscriminatory explanation for the adverse employment action. Finally, the plaintiff must have an opportunity to prove by a preponderance of the evidence, that the explanation offered by the defendant is a pretext for discrimination. *Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L.Ed.2d. 207 (1981).

However, in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993), the Supreme Court held that a plaintiff is not entitled to prevail merely by proof that a defendant's stated reason for the employment actions is pretextual. The Fifth Circuit, interpreting *St. Mary's Honor Center,* held: "To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reason for the employment decision <u>and</u> that unlawful discrimination was." *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955 (5th Cir. 1993).

The United States Supreme Court gave additional guidance on the burden shifting analysis enunciated in *McDonnell Douglas v. Green* in *Reeves v. Sanderson*

*Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[2] The Court held that meeting the requirement of showing a *prima facie* case of age discrimination coupled with sufficient proof to allow a jury to determine that the employer's stated nondiscriminatory reason is false is sufficient to support a verdict.

Previously, this Circuit had analyzed Supreme Court precedent to require something beyond a *prima facie* case and rebuttal of the employer's nondiscriminatory reason. In *Reeves*, the Fifth Circuit had reversed a jury finding of liability when a plaintiff had in fact proved a *prima facie* case of age discrimination and had offered substantial proof to show that the employer's nondiscriminatory reason for the discharge was false. 197 F.3d 688 (5th Cir. 1999). In resolving a conflict among the Circuits, the Supreme Court reversed the Fifth Circuit and stated "Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. However, the unanimous *Reeves* Court went on to hold "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.*

---

[2] While the *Reeves* case dealt with a judgment as a matter of law the Court acknowledged that the same standard for judging a motion under Rule 50 is applied under Rule 56 as "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves*, 530 U.S. at 150 (*quoting Anderson v. Liberty Lobby Inc.*, 477, U.S. at, 250-251; *see also, Celotex Corp. v. Catrett*, 477 U.S. at 323).

The plaintiff's claim of discrimination in this case rests on his assertion that Bobby Cooley was paid more than he was for the same or similar work. He claims that he had been operating the loader for substantial periods of time and had gained more than five years of on-the-job experience filling in as a loader operator with the defendant and that he had two years experience as a loader operator with another employer. Thus, he claims that he was as qualified as Cooley and that the defendant's stated reason for paying Cooley more than him is a pretext for racial discrimination.

The defendant counters with the argument that the plaintiff and Cooley were not performing the same or similar work nor did they share the same job titles. To support this contention, the defendant points out that the undisputed proof shows that Tillman was hired as a laborer primarily framing poles and performing other general labor duty and that he was classified as a "laborer." He was only a fill-in loader operator when there was a vacancy in the position.

Cooley was hired in as a "loader operator" and had more than twenty-seven years experience operating heavy equipment including logging equipment and loaders of the type used by the defendant. Cooley also was a welder and mechanic and performed skilled maintenance and mechanical repairs and improvements when he was not operating the loader. Thus, the defendant contends that Cooley's pay differential was more than justified and was directly related to the different skill levels of Tillman and Cooley and not due to discrimination.

In *St. Mary's Honor Center*, *supra*, the Court concluded,

We reaffirm today what we said in *Aikens*:

'[T]he question facing triers of fact in discrimination cases is both

>   sensitive and difficult.  The prohibitions against discrimination contained in
>   the Civil Rights Act of 1964 reflects an important national policy.  There
>   will seldom be 'eyewitness' testimony as to the employer's mental
>   processes.  But none of this means the trial courts or reviewing courts
>   should treat discrimination differently from other ultimate questions of
>   fact.'

509 U.S. at 524.

As previously noted, *St. Mary's Honor Center* and *Bodenheimer* clearly require that the plaintiff ultimately prove discrimination in order to prevail.  The Fifth Circuit held in *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993):

>   To make out an ADEA claim, the plaintiff must establish the existence of
>   discrete facts that show some nexus between the employment actions
>   taken by the employer and the employee's [race].

The *Moore* opinion applied to the ADEA.  However, the Fifth Circuit has required the same proof of discrimination in regard to other discrimination cases.  *Bodenheimer, supra*.  Thus under *Moore*, the plaintiff "must establish the existence of discrete facts that show some nexus between the employment actions taken by the employer and" Mr. Tillman's race.

"[Title VII] was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers." *Bienkowskv. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. 1988) (citations omitted).  If the plaintiff has demonstrated a genuine issue of material fact from which any reasonable jury can conclude that he was discriminated against because of his race, then defendant's motion for summary judgment should fail.  If, however, the plaintiff has not produced any evidence before the court which would justify a reasonable jury in finding intentional racial discrimination, the defendant should not be

put to trial.

The plaintiff has produced absolutely no credible proof that the defendant took any detrimental employment action toward the plaintiff because of his race.  At most he has produced conclusory statements.  Even if one assumes that the plaintiff could meet his burden of proving a *prima facie* case, he has offered absolutely nothing to rebut the defendant's articulated nondiscriminatory reason.  Consequently there is no genuine issue of material fact.  "Conclusory statements are not sufficient to prevent granting of a motion for summary judgment." *Williams v. University Medical Center*, 846 F. Supp. 508, 512 (S.D. Miss. 1994)(*aff'd* 46 F.3d 66 (5th Cir. 1995)).   The plaintiff's allegations are based on conclusory statements and fail to present an adequate basis of direct or circumstantial evidence that could support, as a matter of law, a jury verdict of racial discrimination.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for summary Judgment **[#24]** is Granted and the plaintiff's complaint is dismissed with prejudice and that any other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 5th day of April, 2007.


                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE